IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,602






EX PARTE BRUCE L. CHRISTENSEN Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 2001-CR-4986-W1 IN THE 226
TH DISTRICT COURT


FROM BEXAR COUNTY





 

 Per curiam.


O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of three counts of
aggravated sexual assault and sentenced to thirty years' imprisonment for each conviction. The
Fourth Court of Appeals affirmed his convictions. Christensen v. State, No. 04-02-00397-CR (Tex.
App.-San Antonio, delivered July 16, 2003, no pet.). 

 Applicant contends that he pleaded no contest to count nine of the indictment, which alleged 
sexual assault. He argues that he should have been sentenced to two to twenty years for sexual
assault, but was instead sentenced to thirty years for aggravated sexual assault. In addition, he
contends that trial counsel was ineffective for advising him that he had been charged with ten counts
of aggravated sexual assault. We remanded the application to the trial court for findings of fact and
conclusions of law.

 Trial counsel filed an affidavit with the trial court. Based on that affidavit and testimony from
Applicant, the trial court found that counsel's advice was not deficient and concluded that counsel
was not ineffective. We agree. The trial court, however, found that Applicant pleaded no contest to
count nine of the indictment, sexual assault, and that Applicant should have been convicted of two
counts of aggravated sexual assault and one count of sexual assault. The trial court recommended
that we vacate Applicant's conviction and punishment for count nine. We agree. 

 Accordingly, relief is granted in part. The judgment, as it relates to count nine of the
indictment, in Cause No. 2001-CR-4986 in the 226th Judicial District Court of Bexar County is set
aside, and Applicant is remanded to the custody of the Sheriff of Bexar County to answer the charges
against him.

 Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional
Institutions Division and Pardons and Paroles Division.


Delivered: January 31, 2007

Do Not Publish